IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD McCLUSKEY,

   Plaintiff,       No. 2:11-cv-1563 DAD

  vs.

CAROLYN W. COLVIN,     ORDER
Commissioner of Social Security,

   Defendant.

_____/

   This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment. For the reasons explained below, plaintiff's motion is granted in part and denied in part, the decision of the Commissioner of Social Security (Commissioner) is reversed, and the matter is remanded for further proceedings consistent with this order.

**PROCEDURAL BACKGROUND**

   On March 22, 2006, plaintiff filed an application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act (the Act), alleging disability beginning on January 1, 2001. (Transcript (Tr.) at 85, 125-29.) Plaintiff's application was denied initially and on reconsideration. (Id. at 88-92, 98.) A hearing was held before an Administrative Law Judge

(ALJ) on July 31, 2008, and a supplemental administrative hearing was held by video-conferencing on May 14, 2009.  (Id. at 26-50, 51-84.)  Plaintiff was represented by counsel and testified at both the first hearing and the supplemental administrative hearing.  In a decision issued on September 16, 2009, the ALJ found that plaintiff was not disabled.  (Id. at 15.)  The ALJ entered the following findings:

> 1. The claimant last met the insured status requirements of the Social Security Act on September 30, 2008.
>
> 2. The claimant engaged in substantial gainful activity (SGA) from April 1, 2003 through at least September 30, 2008 (20 CFR 404.1520(b) and 404.1571 *et seq*.).
>
> 3. Through September 30, 2008, the date last insured, there was no continuous 12-month period during which the claimant did not engage in substantial gainful activity.
>
> 4. The claimant was not under a disability, as defined in the Social Security Act, at any time from January 1, 2001, the alleged onset date, through September 30, 2008, the date last insured (20 CFR 404.1520(b)).

(Id. at 14-15.)

On April 22, 2011, the Appeals Council denied plaintiff's request for review of the ALJ's decision.  (Id. at 1-3.)  Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on June 9, 2011.

**LEGAL STANDARD**

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record as a whole and the proper legal standards were applied.  Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).  The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive.  Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Morgan, 169 F.3d at 599); Jones

1  v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401
2  (1971)).

3        A reviewing court must consider the record as a whole, weighing both the
4  evidence that supports and the evidence that detracts from the ALJ's conclusion.  Jones, 760 F.2d
5  at 995.  The court may not affirm the ALJ's decision simply by isolating a specific quantum of
6  supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If
7  substantial evidence supports the administrative findings, or if there is conflicting evidence
8  supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive,
9  Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an
10 improper legal standard was applied in weighing the evidence, Burkhart v. Bowen, 856 F.2d
11 1335, 1338 (9th Cir. 1988).

12       In determining whether or not a claimant is disabled, the ALJ should apply the
13 five-step sequential evaluation process established under Title 20 of the Code of Federal
14 Regulations, Sections 404.1520 and 416.920.  Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).
15 The five-step process has been summarized as follows:

> Step one:  Is the claimant engaging in substantial gainful activity?
> If so, the claimant is found not disabled.  If not, proceed to step
> two.
>
> Step two:  Does the claimant have a "severe" impairment?  If so,
> proceed to step three.  If not, then a finding of not disabled is
> appropriate.
>
> Step three:  Does the claimant's impairment or combination of
> impairments meet or equal an impairment listed in 20 C.F.R., Pt.
> 404, Subpt. P, App. 1?  If so, the claimant is automatically
> determined disabled.  If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past work?  If
> so, the claimant is not disabled.  If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity
> to perform any other work?  If so, the claimant is not disabled.  If
> not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  <u>Yuckert</u>, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  <u>Id.</u>; <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1098 (9th Cir. 1999).

**APPLICATION**

In his pending motion plaintiff argues that the ALJ committed the following two principal errors in finding him not disabled:  (1) the ALJ erred by failing to attach an exhibit list to his September 16, 2009 written decision; and (2) the ALJ's finding that plaintiff engaged in substantial gainful activity was not supported by substantial evidence.

**I.   Exhibit List**

Plaintiff argues that the ALJ erred by failing to attach the exhibit list to the ALJ's unfavorable decision.  In this regard, plaintiff argues that provision I-2-1-20 of the Commissioner of Social Security's Hearings, Appeals and Litigation Manual ("HALLEX"), provides that such an exhibit list must be prepared, "and therefore attached to the hearing decision itself."  (Pl.'s MSJ (Doc. No. 16) at 6-10.[1])  Plaintiff argues that the ALJ's failure to attach the exhibit list to his decision violated plaintiff's right to due process.  (<u>Id</u>.)

Plaintiff's counsel, however, concedes that he was "unable to find any specific legal authority which discusses what must [be] contained in the [ALJ's] written decision."  (<u>Id.</u> at 6.)  Nor is it clear to the court that plaintiff's counsel has correctly interpreted the HALLEX provision at issue.  In this regard, it appears that HALLEX provision I-2-1-20, attached to plaintiff's motion, comes under the heading "Prehearing Analysis and Case Workup" and requires only that, when the ALJ issues a partially favorable or an unfavorable decision, an exhibit list be prepared and "*placed in the claim file*."  (<u>Id.</u> at 13.) (Emphasis added).  See <u>Teeters v. Astrue</u>, No. CIV S-09-2997 DAD, 2011 WL 1135184, at *5-6 (E.D. Cal. Mar. 28, 2011)

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

4

(finding a claim that HALLEX provision I-2-1-20 requires that an Exhibit List be appended to the ALJ's written decision to be "baseless").

Moreover, the Ninth Circuit has held that the HALLEX is a Social Security Administration internal procedures manual and, as such, does not impose "judicially enforceable duties." Lowry v. Barnhart, 329 F.3d 1019, 1023 (9th Cir. 2003). See also Clark v. Astrue, 529 F.3d 1211, 1216 (9th Cir. 2008) (The "HALLEX is strictly an internal Agency manual, with no binding legal effect on the Administration or this court."); Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000) ("As HALLEX does not have the force and effect of law, it is not binding on the Commissioner and we will not review allegations of noncompliance with the manual."); Bondar v. Astrue, No. CIV S-10-1555 EFB, 2011 WL 4404849, at *3 (E.D. Cal. Sept. 22, 2011) ("Plaintiff's argument fails because HALLEX is not the law and is not binding on the agency."); Fernandes v. Astrue, No. 1:08-cv-1775-BAK (DLB), 2009 WL 3823922, at *7 (E.D. Cal. Nov. 13, 2009) ("A duty that is not judicially enforceable does not confer a legal right and thus logically cannot be the basis for a denial of a claimant's right to procedural due process, at least not without considerably more compelling facts than are apparent here.")[2]

Accordingly, plaintiff is not entitled to relief with respect to this claim.

## II.  Substantial Gainful Activity

Plaintiff also argues that the ALJ erred in finding that plaintiff had engaged in substantial gainful activity. (Pl.'s MSJ (Doc. No. 16) at 10-12.)

If a plaintiff can engage in substantial gainful activity, he is not disabled within the meaning of the Social Security Act. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999); 20 C.F.R. § 404.1571. "'Substantial gainful activity' is: . . . work activity that 'involves doing significant physical or mental activities' on a full or part-time basis, and is the 'kind of work usually done for pay or profit, whether or not a profit is realized.'" 20 C.F.R. §§ 416.972(a) &

---

[2] The Supreme Court has similarly observed that the Claims Manual, for instance, "has no legal force, and it does not bind the SSA." Schwiker v. Hansen, 450 U.S. 785, 789 (1981).

(b).  See Byington v. Chater, 76 F.3d 246, 248 (9th Cir. 1995); Katz v. Sec. HHS, 972 F.2d 290, 292 (9th Cir. 1990).

Here, with respect to plaintiff's substantial gainful activity, the ALJ found in part, as follows:

> The claimant has not fully complied with the request of the Administrative Law Judge (ALJ) to provide tax returns concerning his earnings from at least two properties he admits to owning as well as three-to-four houses he helped his son manage, as outlined in his testimony at the February 31, 2008[3] hearing in this matter. The claimant's testimony contradicts the statement of Collette Jordan, the claimant's "significant other" (Exhibit 10E, page 4); at least for the period prior to early 2005, well after the alleged onset date.  While the claimant did submit some limited IRS documentation (Exhibit 4D), he has not credibly explained the nature and extent of his self-employment activities.  Moreover, the limited explanation that Collette Jordan is performing all self-employment activities in connection with the management of the properties in question is belied by the claimant's earnings record (Exhibit 5D); the claimant's gambling efforts and the claimant's prior sworn testimony.

(Tr. at 14.)

It does not appear from the record before this court, however, that there was any conflict between plaintiff's testimony and the statement provided by Collette Jordan.  In this regard, Collette Jordan provided a sworn declaration stating that plaintiff "takes no active role in managing the two [rental] properties."  (Tr. at 285.)  At the July 31, 2008 administrative hearing, plaintiff testified that "right after" January 2001, Ms. Jordan "took over everything."  (Id. at 62.) Nor is any inconsistency apparent from the earning records cited by the ALJ in his decision.  In this regard, Exhibit 5D reveals only that plaintiff earned self employment income in the amount of $1,313 in 2002, $7,695 in 2003, $1,985 in 2004, and $937.60 in 2005.  (Id. at 223-26.)

The ALJ acknowledged that because plaintiff's "net earning in and of themselves do not establish whether the claimant has engaged in SGA" the ALJ had to consider the "amount

---

[3] Presumably this is a typographical error and the ALJ was actually referring to the July 31, 2008 hearing.

of effort, time and services devoted to the enterprise." (Id. at 14-15.) The ALJ found that because plaintiff "acknowledges that at least four of his tenants share bedrooms in his residence" plaintiff "is most certainly required to have daily interactions with those tenants as to their demands or needs." (Id. at 15.) However, aside from a lone wheelchair bound tenant in 2003 whom plaintiff testified he assisted, there is no evidence of record to support the ALJ's conclusion that plaintiff provided for the daily needs of his tenants. (Id. at 67-68.) Indeed, such a conclusion is inconsistent with plaintiff's testimony. (Id. at 67-68.)

The ALJ also found that plaintiff failed to explain "the amount of effort and time devoted to his other self-employment, gambling." (Id. at 15.) The ALJ's decision noted that plaintiff received significant, reportable income from multiple one-day winnings at various casinos as far as 89 miles from his residence. (Id.) While the ALJ's inquiry into the time and effort plaintiff expended on gambling is understandable, it is not clear from the ALJ's decision or the record how plaintiff's gambling efforts constitute significant physical or mental activities on a full or part-time basis, or that it is the kind of work usually done for pay or profit. Indeed, plaintiff points out that many of his winnings were from playing slot machines, a form of gambling arguably requiring the least amount of physical and mental exertion. (Pl.'s Reply (Doc. No. 21) at 4.)

In this regard, the ALJ's finding that plaintiff engaged in substantial gainful activity is not supported by substantial evidence in the record. Accordingly, plaintiff is entitled to relief with respect to this claim.

## CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. See Benecke v. Barnhart, 379 F.3d 587, 595-96 (9th Cir. 2004). However, where there are outstanding issues

that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. Id. at 594.

Here, the matter must be remanded so that the ALJ may correct the error noted above and continue with the five-step sequential evaluation process established under Title 20 of the Code of Federal Regulations, Sections 404.1520 and 416.920, if necessary.

Accordingly, in accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Doc. No. 16) is granted in part and denied in part;

2. Defendant's cross-motion for summary judgment (Doc. No. 20) is granted in part and denied in part;

3. The decision of the Commissioner of Social Security is reversed for the reasons indicated above; and

4. This case is remanded for further proceedings consistent with this order.

DATED: March 18, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1/orders.soc sec/mccluskey1563.order